UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

|  |  |
|---|---|
| In Re: Cases Filed by Ebony Preston | **MEMORANDUM & ORDER**<br>26-CV-02283 (DG) (JAM)<br>26-CV-02633 (DG) (JAM)<br>26-CV-03024 (DG) (JAM)<br>26-CV-03284 (DG) (JAM)<br>26-CV-03430 (DG) (JAM)<br>26-CV-03433 (DG) (JAM)<br>26-CV-03528 (DG) (JAM)<br>26-CV-03537 (DG) (JAM)<br>26-CV-03793 (DG) (JAM)<br>26-CV-03794 (DG) (JAM)<br>26-CV-03898 (DG) (JAM) |

----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

During the period from April 15, 2026 through June 29, 2026, Plaintiff Ebony Preston, proceeding *pro se*, filed the eleven above-referenced actions (the "eleven actions") in the United States District Court for the Eastern District of New York, making a variety of allegations against a variety of defendants, including, *inter alia*: New York State, a state court, certain New York City Police Department precincts, the Federal Bureau of Investigation, the United States Department of Agriculture, the United States Department of Justice, the Legal Aid Society, two hospitals, a church, a school, numerous corporations, and a judge and various other individuals. As to each action, Plaintiff did not pay the requisite filing fees but did request to proceed without prepaying fees or costs. Familiarity with the procedural history and background of each of the eleven actions is assumed herein.[1]

---

[1] An action filed by Plaintiff in the United States District Court for the Eastern District of New York on March 27, 2026 was dismissed as frivolous by the undersigned. *See generally* docket in *Preston v. Tusna*, 26-CV-01869 (DG) (JAM). An action filed by Plaintiff in the United States District Court for the Eastern District of New York on April 14, 2026, *Preston v. Foster*

The Court grants Plaintiff's applications to proceed without prepaying fees or costs in the eleven actions and consolidates the eleven actions solely for the purpose of this Order.

In light of Plaintiff's *pro se* status, the Court liberally construes the Complaint in each of the eleven actions, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a task made more difficult by the general indecipherability of each Complaint, *see generally* Complaints in eleven actions.

Here, each Complaint lacks an arguable basis either in law or in fact and the Court therefore dismisses each of the eleven actions as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) ("A claim is frivolous 'where it lacks an arguable basis either in law or in fact.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))); *see also Hakaniemi v. Zuckerberg*, No. 21-CV-04345, 2021 WL 3566221, at *2 (E.D.N.Y. Aug. 12, 2021) (dismissing *pro se* plaintiff's complaint as frivolous, denying leave to amend where complaint was "devoid of any arguable basis in fact or in law, defects which cannot be cured by amendment," and collecting cases); docket in *Preston v. Tusna*, 26-CV-01869 (DG) (JAM) (reflecting dismissal of prior action filed by Plaintiff as frivolous).[2]

By way of illustration of the frivolousness of each action, the Court notes the following allegations contained in the various Complaints:[3]

---

*and Garbus LLP*, 26-CV-02173 (EK) (JAM), is not pending before the undersigned and therefore is not a subject of this Order.

[2] Each Complaint also fails to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure and each of the eleven actions would properly be dismissed on that ground as well. In each of the eleven actions, the Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that a "short and plain statement of the claim" is required "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests" (quotation and ellipsis omitted)); *see generally* Complaints in eleven actions.

[3] When quoting from the Complaints, the Court has retained Plaintiff's original spelling but has

2

26-CV-02283 (DG) (JAM)

- In section of pre-printed complaint form calling for Plaintiff to provide a "short and plain statement of the claim," stating: "Trafficking with State local public service to avoid prosecution. Hispanics, West Indians, and others involved in the focus for financial gain. Mediterranean sex trafficking United States labor trafficking. What choices."

- In section of form calling for Plaintiff to state "briefly and precisely" the relief sought, stating: "Job loss, people with delusional ideologies should not be in positions of people power. Financial compensation for my time and transgressions."

26-CV-02633 (DG) (JAM)

- In section of pre-printed complaint form calling for Plaintiff to provide a "short and plain statement of the claim," stating: "Multiple obstructions of justice, allowed access to computer giving password to retrieve files in the middle of court consult. Request for labor as bribery, instead of properly proceeding. Refusal because I 'look' young. Culture differences"

- In section of form calling for Plaintiff to state "briefly and precisely" the relief sought, stating: "Stopping court guards and marshalls from being within 50 feet of my family, contacts, and self. Hault the counter-terrorism and stalking. Financial compensation for damages and constant distance."

26-CV-03024 (DG) (JAM)

- In section of pre-printed complaint form calling for Plaintiff to provide a "short and plain statement of the claim," stating: "In continuation of serial stalking from public service workers inside and above NYPD and FDNY EMS, failure to secure privacy has spilled over into phone calls, phone usage and mail tampering, device tampering and relocation after stalking to distant property clerk."

- In section of form calling for Plaintiff to state "briefly and precisely" the relief sought, stating: "Financial compensation, legislative enforcement for 18 U.S.C. § 1708, 1702, 1701, 1705, 1703, 1341 not excluding the $250,000 fine and jail time per offense."

26-CV-03284 (DG) (JAM)

- In section of pre-printed complaint form calling for Plaintiff to indicate "the

not in all instances retained Plaintiff's original capitalization and/or formatting. Alterations are not material.

facts underlying [her] claim(s)," stating: "I was hospitalized and drugged, stalked afteward to compare health status trafficked once a year for marriage or drugs.  For not being disabled.  The patterns are the evidence, misuse of state public HRA funds to force partnerships of dependence on wealthier family members."

- In section of form calling for Plaintiff to state briefly the relief sought, stating: "Shut down the 77th precinct, partnered FDNY and EMS with Shormin Partnerships, fame is not their job.  (Popularity)"

26-CV-03430 (DG) (JAM)

- In section of pre-printed complaint form calling for Plaintiff to indicate "the facts underlying [her] claim(s)," stating: "Digitally presented in court."

- In section of form calling for Plaintiff to state briefly the relief sought, stating: "Abide upon the statues of limitations as an 'honorable' judge."

- In section of form addressing "basis for jurisdiction," stating, *inter alia*: "Privacy, the right to contact family, the freedom to pay your bills honestly without 'sex work' as a woman-educated."

26-CV-03433 (DG) (JAM)

- In section of pre-printed complaint form calling for Plaintiff to indicate "the facts underlying [her] claim(s)," stating: "In Court.  ???"

- In section of form calling for Plaintiff to state briefly the relief sought, stating: "Follow the script.  Align to the statues of limitations"

26-CV-03528 (DG) (JAM)

- In section of pre-printed complaint form calling for Plaintiff to indicate "the facts underlying [her] claim(s)," stating: "Privacy violations for matchmaking labor, drug, human and sex trafficking[.]  Religiously unaware."

- In section of form calling for Plaintiff to state briefly the relief sought, stating: "Rid the staff (supreme court staff included) and replace court filing process with a less 'people interfacing' approach.  Watch Coney Island epstire staff closer.  Stop recruiting me to work alongside, and entertain my 'enemies' in this privacy issue"

26-CV-03537 (DG) (JAM)

- In section of pre-printed complaint form calling for Plaintiff to indicate "the facts underlying [her] claim(s)," stating: "In Court with digital record of

4

trafficked exploitation"

- In section of form calling for Plaintiff to state briefly the relief sought, stating: "Shut it down.  Pay the fees for my damages in cash not relgious affilated services."

- In section of form addressing "basis for jurisdiction," stating, *inter alia*: "Freedom to practice or not practice in private.  Cyber hacking to watch and listen to phone calls and recorded sessions. @ varsity tutors;" "The right to be young with good credit buying Ubers instead of state resources without affiliation;" and "To not be a community service worker or entertainer to non-law abiding citizens."

26-CV-03793 (DG) (JAM)

- In section of pre-printed complaint form calling for Plaintiff to provide a "short and plain statement of the claim," stating: "Stalked after, during, & before employment did not honor national holiday of Independence Day putting religon first.  Using other organizations to seek financial gain, exploitation, and corporate espionage.  Abuse of federal and state job placement to assert power over another more educated, American citizen."

- In section of form calling for Plaintiff to state "briefly and precisely" the relief sought, stating: "Attempted choice of restraint when shopping hinderance for the above listed parties from contact, monetary involvement and their 'connections' for a 'better' life."

26-CV-03794 (DG) (JAM)

- In section of pre-printed complaint form calling for Plaintiff to provide a "short and plain statement of the claim," stating: "Key holing, exploitation with a barber shop's network.  Espionage on private practices hygine included, assault for 'humiliation' with No.  Money.  As an imported worker.  I am bothered.  Relief is my email contacting being out of New York's Metropolitan, and Atlanta.  Georgias Bees Wax.  Quickly.  (Asian Forgery) # JHM 8905 Matte Black SUV-Ford"

- In section of form calling for Plaintiff to state "briefly and precisely" the relief sought, stating: "Fix your 'locksmith' problem.  Your court house heiarchy, stop being an embarrassment to the Nation.  Do the job.  Go home.  On the salary that fits your lifestyle.  So I can do the same relieved.  Without topical steroids for being a womb holder handling biz."

26-CV-03898 (DG) (JAM)

- In section of pre-printed complaint form calling for Plaintiff to indicate "the

5

facts underlying [her] claim(s)," stating: "A broker – Lebanese with Jewish landlord company.  Why are they in every court house and law entity messing up, breaking laws on innocent people?  Fact."

- In section of form calling for Plaintiff to state briefly the relief sought, stating: "Not waste my time, replinish resources and mend the family with the truth in correction of what has been 'messed' up. . . . And a new outfit for execution days."

In light of Plaintiff's *pro se* status and out of an abundance of caution, dismissal of each of the eleven actions is without prejudice.  However, notwithstanding Plaintiff's *pro se* status, dismissal of each action is without leave to amend as the Court finds (as to each action) that amendment would be futile.  *See Hakaniemi*, 2021 WL 3566221, at *2.

\* \* \*

Plaintiff is cautioned to be mindful of a court's ability to impose sanctions – including "restrictions on future access to the judicial system," *see Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005); *see also Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) – when Plaintiff is deciding whether to file additional frivolous actions.

\* \* \*

As set forth above, each of the eleven actions is DISMISSED without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

6

The Clerk of Court is directed to enter judgment in each of the eleven actions, close each of the eleven actions, and mail a copy of this Order to Plaintiff.

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated: June 30, 2026
Brooklyn, New York

7